ORIGINAL

FILED
U.S. DISTRICT COURT
N... ... ... ... TX

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FT. WORTH DIVISION

| | | |
|---|---|---|
| ASHLI ABERNATHY, *et al.* | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | **CASE NO.** _____ |
| ALTA COLLEGES, INC. and ELBERT, | § | |
| INC. d/b/a WESTWOOD COLLEGE-FT. | § | **4-05CV-189-A** |
| WORTH, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS', ALTA COLLEGES, INC. AND ELBERT, INC. DBA WESTWOOD COLLEGE-FORT WORTH, NOTICE OF REMOVAL OF CIVIL ACTION

Defendants, Alta Colleges, Inc. and Elbert, Inc. dba Westwood College-Fort Worth (collectively "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby remove the above-captioned action from the District Court for Tarrant County, Texas, in which it is now pending. In support of this Notice of Removal, Defendants state:

1.     On or about February 16, 2004, Plaintiffs filed a Petition in the District Court for Tarrant County, Texas, with the above-captioned title, Cause No. 017-210045-05. The Summons and Petition were personally served on CT Corporation on behalf of Defendants on February 22, 2004. Prior to the filing of this Notice of Removal, Defendants filed an Answer to the Petition in Texas state court, comprising a general denial.

2.     This Notice of Removal is being filed within 30 days after the receipt of the Summons and Petition by CT Corporation on behalf of Defendants and is, therefore, timely filed pursuant to 28 U.S.C. § 1446(b).

3.     As stated in Section I of the Petition in this action, all Plaintiffs are residents of the State of Texas. (Petition at pp. 3-4.)

4.     None of the Defendants are citizens of the State of Texas.  As alleged in Section I of the Petition, Defendant Alta Colleges, Inc. is incorporated in the State of Delaware and has its principal place of business in the State of Colorado.  (Petition at p. 4.)  Defendant Elbert, Inc. is incorporated in the State of Colorado and has its principal place of business in that same state. (*Id.*)  Accordingly, each of the Defendants is, and was at the time of the filing and service of this civil action, a citizen of Colorado for purposes of 28 U.S.C. § 1332(c)(1).

5.     It is facially apparent from the Petition that each of the Plaintiffs asserts claims exceeding the jurisdictional minimum of $75,000, irrespective of costs and interest.  The Petition alleges that each of the Plaintiffs was a student enrolled at Westwood College-Fort Worth (Petition at p. 4), and each was damaged due to Defendants' alleged violation of the Texas Deceptive Trade Practices Act and breach of contract.  The student Plaintiffs seek recovery for numerous types of damages based on their claims including:

      a.     reimbursement for "tuition and fees paid"  (Petition at p. 7);

      b.     "interest accrued on student loans"  (Petition at p. 7);

      c.     the value of "lost time for attending classes" (Petition at p. 7);

      d.     damages for "mental anguish" pursuant to section 17.50(b)(1) of the Texas Deceptive Trade Practices & Consumer Protection Act (Petition at pp. 7-8);

      e.     "exemplary damages in an amount far in excess of the minimum jurisdictional limits of this Court" (Petition at pp 7-8);  and

      f.     attorneys' fees (Petition at pp. 7-8).  Such fees are facially allowed by section 17.50(d) of the Texas Deceptive Trade Practices Act.

6.     Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over this action because complete diversity of citizenship exists between all Plaintiffs, on the one hand, and all

Defendants on the other, and because the amount in controversy exceeds the sum or value of $75,000 per Plaintiff, exclusive of costs and interest.

7.      Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place where the removed action has been pending.

8.      Defendants have provided Notice of the Removal of this action to Plaintiffs and to the District Court for Texas in Tarrant County by filing a "Removal Notice" together with a copy of this "Notice of Removal" in the District Court for the State of Texas, Tarrant County, and by serving copies of the same on counsel for Plaintiffs pursuant to 28 U.S.C. § 1446(d).

9.      There are no other defendants in this action whose joinder require an Order to properly effectuate the removal of this action to the Court.

10.     Pursuant to Local Rule 81.1, true and complete copies of all the following are attached to this Notice:

a.      an index of all documents that clearly identifies each document and indicates the date the document was filed in state court as Exhibit A;

b.      a copy of the docket sheet in the state court action as Exhibit B;

c.      each document filed in the state court action, except discovery material, individually tabbed and arranged in chronological order according to the state court file date as Exhibit C; and

d.      a separately signed certificate of interested persons that complied with LR 3.1(f) as Exhibit D.

**WHEREFORE, PREMISES CONSIDERED**, Defendants file this Notice of Removal and respectfully request that this civil action be removed to this Court, that this Court accept

jurisdiction over this civil action, and that this civil action be entered on the docket of this Court

for further proceedings as though this civil action had originally been instituted in this Court.

Dated: March 21, 2005

Respectfully submitted,

Kent A. Rowald
Attorney-in-charge
State Bar No. 17329300
Gary R Maze
State Bar No. 00792678
**DUANE MORRIS, L.L.P.**
3200 Southwest Freeway, Suite 3150
Houston, TX 77027-7534
713/402-3900 (telephone)
713/402-3901 (facsimile)

Stephen E. Fox
State Bar No. 07337260
Elizabeth M. Bedell
State Bar No. 24045469
**FISH & RICHARDSON P.C.**
5000 Bank One Center
1717 Main Street
Dallas, TX 75201
Telephone: 214-747-5070
Telecopy: 214-747-2091

**ATTORNEYS FOR DEFENDANTS
ALTA COLLEGES, INC. AND
ELBERT, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that service of a true and correct copy of the following document:

**DEFENDANTS', ALTA COLLEGES, INC. AND ELBERT, INC. DBA WESTWOOD COLLEGE-FORT WORTH, NOTICE OF REMOVAL OF CIVIL ACTION**

was made via hand delivery to:

> Clerk of the Court
> 17th District Court of Tarrant County
> 401 West Belknap
> Fort Worth, Texas 76196-0223

and via first class U.S. mail, postage pre-paid, addressed to:

> Julie E. Johnson
> Kay L. Van Wey
> Van Wey & Johnson, LLP
> 3100 Monticello  Suite 500
> Dallas, TX 75205

on this 21st day of March, 2005.

Gary Maze by permission

ℜ

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FT. WORTH DIVISION

| | | |
|---|---|---|
| ASHLI ABERNATHY, *et al.* | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | CASE NO. _____ |
| ALTA COLLEGES, INC. and ELBERT, | § | |
| INC. d/b/a WESTWOOD COLLEGE-FT. | § | |
| WORTH, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' INDEX OF ALL DOCUMENTS FILED IN STATE COURT

| <u>Document Title</u> | <u>Filed By</u> | <u>Date</u> |
|---|---|---|
| Plaintiffs' Original Petition | Plaintiff | February 16, 2005 |
| Defendants' Original Answer | Defendant | March 21, 2005 |



# Civil Docket          Discovery: 2

## 017-210045-05

Cause of Action: DECEPTIVE TRADE PRACTICES

| Date Filed 02/16/2005 | NAMES OF PARTIES | ATTORNEYS |
| --- | --- | --- |
| | ASHLI ABERNATHY, ET AL | JOHNSON, JULIE E 3100 MONTICELLO SUITE 500 DALLAS, TX 75205 |
| Jury Fee $ | vs. | BarID: 107589007TX    Ph  (214)265-7600    PLTF VAN WEY & JOHNSON LLP |
| | ALTA COLLEGES INC., ET AL | |

| Date of Orders | ORDERS OF COURT | Was Steno Used? |
| --- | --- | --- |
| | | |



**VanWey & Johnson**
Attorneys At Law

*Kay L. Van Wey
Julie E. Johnson
Joel Ty Gomez
David L. Benford

**017  210045  05**

February 16, 2005

*Board Certified by the Texas Board of Legal
Specialization in Personal Injury Trial Law

Thomas Wilder
Tarrant County District Clerk
401 W. Belknap
Fort Worth, TX 76196-0402

RE:   Ashli Abernathy, et al vs. Alta Colleges, Inc. and Elbert, Inc.
        d/b/a Westwood College-Ft. Worth

Dear Mr. Wilder:

Enclosed for filing in your office are the following documents:

1.      One (1) original and five (5) copies of Plaintiffs' Original Petition;

Please issue the following citations:

**Alta Colleges Inc.**
**through the Secretary of State of Texas**
**addressed to**
**Corporation Trust Center**
**1209 Orange Street**
**Wilmington, Delaware 19801**

**Elbert, Inc. d/b/a Westwood College-Ft. Worth**
**through their Registered Agent for Service, CT Corporation System**
**350 N. St. Paul**
**Dallas, Texas 75201**

PLEASE CALL OUR OFFICE WHEN THE CITATIONS ARE READY AND WE
WILL PICK THEM UP.   Please return a file-stamped copy of the petition to our office.

My firm's check for $199.70 is enclosed for the filing fee, service and issuance of two
citations.  Should you have any questions please contact my office.

Sincerely,

Julie E. Johnson

Enc.

24170
67 p lots
50°° extra

Van Wey & Johnson, L.L.P.
3100 Monticello Avenue, Suite 500  •  Dallas, Texas 75205  •  (214) 265-7600  •  Fax: (214) 265-7626
www.vanweyjohnson.com

CAUSE NO. 017  210045  05

| | | |
|---|---|---|
| ASHLI ABERNATHY, PATRICE | § | IN THE DISTRICT COURT |
| ABERNATHY, TAEINE AN, | § | |
| GLENNA ANDERSON, LATONIA BACY, | § | |
| RANDALL BOONE, LACEY BOWEN, | § | |
| ELIYON BRACKEEN, ROBERT | § | |
| BRADBURY, TIMOTHY BROSCOFF, | § | |
| MELINDA BULLOCK, CRYSTAL | § | |
| CHILDRESS, ICHOBOD CHRISTIAN | § | |
| ALEXIS CLINE, LYNN COMPAL, | § | |
| KRISTI COOPER, SHANNON | § | |
| CRIDDLE, LEEROY DE LA CERDA, | § | |
| INEZ DE LA CRUZ, EMILY DODD, ALAN | § | |
| ENGLISH, MARTIN EVANS, CORY | § | |
| FRYE, OLGA FUENTES, VERONICA | § | |
| GEORGE, MICHAEL GOMEZ, CORY | § | |
| GUSSOW, JEFFREY HAUGHT, OLGA | § | |
| HERNANDEZ, TIFFANY HERNANDEZ, | § | |
| ATHENA HOLLAND, KEVIN HUDSON, | § | |
| JAMES R. JACKSON, JACKLYN JOHNSON, | § | TARRANT COUNTY, TEXAS |
| DAVID JUAREZ, HEATHER KARR, | § | |
| JESSIE KELLY, HENRY LAMBRACHT, | § | |
| JEFF LYNCH, MARK MADERE, | § | |
| JENNIFER MILLS-HAMM, ROBERT MOERS, | § | |
| KEVIN MOORE, NIKI NAVE, DAVID | § | |
| PALMERTREE, GAIL PATTERSON, | § | |
| YO LANDA PATTERSON, LINDA PEREZ, | § | |
| RANDY RAINEY, MONICA RANDELL, | § | |
| MELISSA ROBERTSON, JOSH SANDERS, | § | |
| KELLY SAUNDERS, DANIEL SCHLEY, | § | |
| SHANA SPELLAR, PAUL SERUYOMBYA, | § | |
| BRIAN TIENSVOLD, HEATHER TOUT, | § | |
| DAVID TOWNSEND, JOSH VANDEMARK, | § | |
| KATRINA VARGAS, NICKIE | § | |
| WALLINGFORD, SHERYL WASHINGTON, | § | |
| COURTNEY WILSON, PHILIP WITCHLEY, | § | |
| MONIQUE ZAMARRIPA AND ADAM ZERBE | § | |
| | § | |
| VS. | § | |
| | § | |
| ALTA COLLEGES INC. and | § | |
| ELBERT, INC. d/b/a WESTWOOD | § | |
| COLLEGE- FT. WORTH | § | ___ JUDICIAL DISTRICT |



PLAINTIFFS' ORIGINAL PETITION                                                                 PAGE 1

## PLAINTIFFS' ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, ASHLI ABERNATHY, PATRICE ABERNATHY, TAEINE AN, GLENNA ANDERSON, LATONIA BACY, RANDALL BOONE, LACEY BOWEN, ELIYON BRACKEEN, ROBERT BRADBURY, TIMOTHY BROSCOFF, MELINDA BULLOCK, CRYSTAL CHILDRESS, ICHOBOD CHRISTIAN, ALEXIS CLINE, LYNN COMPAL, KRISTI COOPER, SHANNON CRIDDLE, LEEROY DE LA CERDA, INEZ DE LA CRUZ, EMILY DODD, ALAN ENGLISH, MARTIN EVANS, CORY FRYE, OLGA FUENTES, VERONICA GEORGE, MICHAEL GOMEZ, CORY GUSSOW, JEFFREY HAUGHT, OLGA HERNANDEZ, TIFFANY HERNANDEZ, ATHENA HOLLAND, KEVIN HUDSON, JAMES R. JACKSON, JACKLYN JOHNSON, DAVID JUAREZ, HEATHER KARR, JESSIE KELLY, HENRY LAMBRACHT, JEFF LYNCH, MARK MADERE, JENNIFER MILLS-HAMM, ROBERT MOERS, KEVIN MOORE, NIKI NAVE, DAVID PALMERTREE, GAIL PATTERSON, YOLANDA PATTERSON, LINDA PEREZ, RANDY RAINEY, MONICA RANDELL, MELISSA ROBERTSON, JOSH SANDERS, KELLY SAUNDERS, DANIEL SCHLEY, SHANA SPELLAR, PAUL SSERUYOMYA, BRIAN TIENSVOLD, HEATHER TOUT, DAVID TOWNSEND, JOSH VANDEMARK, KATRINA VARGAS, NICKI WALLINGFORD, SHERYL WASHINGTON, COURTNEY WILSON, PHILIP WITCHLEY, MONIQUE ZAMARRIPA and ADAM ZERBE, hereinafter called "Plaintiffs," complaining of Alta Colleges, Inc., hereinafter referred to as Defendant "Alta," and Elbert, Inc, d/b/a/ Westwood College-Ft. Worth hereinafter referred to as Defendant "Westwood" and for cause of action would show the following:

# I.

## PARTIES

Plaintiffs ASHLI ABERNATHY, PATRICE ABERNATHY, TAEINE AN, GLENNA ANDERSON, LATONIA BACY, RANDALL BOONE, LACEY BOWEN, ELIYON BRACKEEN, CRYSTAL CHILDRESS, ICHOBOD CHRISTIAN, ALEXIS CLINE, LYNN COMPAL, KRISTI COOPER, SHANNON CRIDDLE, LEEROY DE LA CERDA, INEZ DE LA CRUZ, EMILY DODD, MARTIN EVANS, CORY FRYE, OLGA FUENTES, VERONICA GEORGE, MICHAEL GOMEZ, CORY GUSSOW, JEFFREY HAUGHT, ATHENA HOLLAND, KEVIN HUDSON, JAMES R. JACKSON, HEATHER KARR, JESSIE KELLY, HENRY LAMBRACHT, JEFF LYNCH, JENNIFER MILLS-HAMM, KEVIN MOORE, DAVID PALMERTREE, GAIL PATTERSON, YOLANDA PATTERSON, LINDA PEREZ, RANDY RAINEY, MELISSA ROBERTSON, JOSH SANDERS, KELLY SAUNDERS, SHANA SPELLAR, PAUL SSERUYOMYA, HEATHER TOUT, DAVID TOWNSEND, KATRINA VARGAS, NICKI WALLINGFORD, SHERYL WASHINGTON, COURTNEY WILSON, PHILIP WITCHLEY and ADAM ZERBE are residents of Tarrant County, Texas.

Plaintiffs ROBERT BRADBURY, OLGA HERNANDEZ, MONICA RANDELL and BRIAN TIENSVOLD are residents of Johnson County, Texas.

Plaintiffs TIMOTHY BROSCOFF, JACKLYN JOHNSON, ROBERT MOERS,  NIKI NAVE, are residents of Dallas County, Texas.

Plaintiffs MELINDA BULLOCK and JOSH VANDEMARK are residents of Hood County, Texas.

Plaintiffs ALAN ENGLISH, TIFFANY HERNANDEZ, DAVID JUAREZ and MONIQUE

ZAMARRIPA are residents of Parker County, Texas.

Plaintiff MARK MADERE is a resident of Polk County, Texas.

Plaintiff DANIEL SCHLEY is a resident of Denton County, Texas.

Defendant Alta Colleges Inc. is a Delaware Corporation. Defendant does not maintain a registered agent in Texas. Further, this Defendant is and was at all relevant times engaged in business in the State of Texas, but is not registered and/or authorized to do business in this State. This lawsuit arises out of this Defendant's business in the State of Texas. Therefore, pursuant to TX CIV PRAC & REM § 17.044, this Defendant may be served with process by serving the Secretary of State of Texas provided that the citation and Petition are forwarded to Defendant's registered agent, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

Defendant Elbert, Inc, d/b/a/ Westwood College-Ft. Worth is a Colorado Corporation doing business in Texas and may be served through its registered agent CT Corporation System, 350 N. St. Paul St., Dallas, Tx. 75201.

## II.

## FACTS

Defendant Alta owns Elbert, Inc. which owns and operates Westwood.  Westwood is a proprietary institute. Each of the Plaintiffs were students enrolled at Westwood's Ft. Worth Campus. Defendants employ Admission Representatives whose primary responsibilities are to recruit students to attend the Alta schools. Defendants trained and provided detailed instructions to the Admission Representatives to lure and induce students to enroll in Defendants' schools. Defendants and its' representatives made material misrepresentations to Plaintiffs to induce them to attend the Defendant's Ft. Worth Campus. The material misrepresentations include the following:

a. Misrepresenting job placement rates at the Ft. Worth campus;

b. Misrepresenting the career placement services offered by the college;

c. Misrepresenting the qualifications of the faculty;

d. Misrepresenting the students eligibility to become certified or licensed in their field of study;

e. Misrepresenting the student's abilities to obtain certification in their respective field upon graduation;

f. Misrepresenting the transferability of academic credits to other institutions of higher learning; and

g. Misrepresenting the pay scale for graduates of Defendants' programs.

Each of these misrepresentations were material to inducing the students to enroll and pay money to Defendants to obtain an education. The conduct of Defendants is unconscionable because not only are these students in substantial debt, but their hopes and dreams of a better life have been shattered by the deceit of the Defendants.

## III.

## DECEPTIVE TRADE PRACTICES

Plaintiffs incorporate by reference all preceding paragraphs, and further allege and state:

Plaintiffs were consumers as defined by the Texas Deceptive Trade Practices Act and purchased education services from Defendants as defined by the Act. Defendants and their agents, employees, servants and apparent agents, while in the course and scope of their employment with Defendants violated the following provisions of the Texas Deceptive Trade Practices Act 17.46(b)

(2) Causing confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services,

**PLAINTIFFS' ORIGINAL PETITION**                    PAGE 5

( 5)   representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities they do not have,

( 7)   representing that goods or services are of a particular standard, quality or grade or that goods are of a particular style or model if they are of another,

(9)   advertising goods or services with intent not to sell them as advertised, and

(24)   failing to disclose information about goods or services that was known at the time of the transaction if the failure to disclose was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed.

The representations by Defendants, their agents, employees, servants and apparent agents while in the course and scope of their employment with Defendants were false, misleading and deceptive in that the goods or services did not have the sponsorship, approval, characteristics, ingredients, uses, benefits or quantities as represented; were not of a particular standard, quality or grade as represented; and did not confer or involve rights, remedies or obligations as represented.

## IV.

## BREACH OF CONTRACT

Plaintiffs incorporate by reference all preceding paragraphs and for further cause of action allege and state:.

Each Student was required to sign a Texas Enrollment Agreement. Pursuant to the contract the student is obligated to make certain tuition payments in exchange for the school providing a complete course/program, teachers, as is proper to teach the courses. "The contract provides that a full refund of tuition and fees is due and refundable if the student's enrollment was procured as a result of any misrepresentation in advertising, promotional materials of the school, or representations by the owner or representatives of the school." Defendants clearly made material misrepresentations as outlined above that constitute a breach of the contract with each student.

## V.

## DAMAGES

Defendants' conduct as described above was a producing cause of Plaintiffs' damages. As a result, Plaintiffs sustained economic damages including, tuition and fees paid, interest accrued on student loans, lost time for attending classes, as well as mental anguish damages.

The conduct of Defendants as described in this Petition was committed knowingly; that is, Defendants were actually aware of the falsity, deception, and unfairness of the conduct about which Plaintiffs complain. Accordingly, Defendants are liable to Plaintiff for additional damages as provided by the Texas Deceptive Trade Practices and Consumer Protection Act.

Defendants' conduct as described in this Petition and the resulting damages and losses to Plaintiffs has necessitated Plaintiffs retaining the undersigned attorneys. Plaintiffs are, therefore, entitled to recover from Defendants an additional sum to compensate Plaintiffs for reasonable fees for such attorneys' services in the preparation and prosecution of this action, as well as a reasonable fees for any and all appeals to other courts.

The conduct of Defendants, as set forth herein, is of such a character as to make Defendants guilty of fraudulent conduct, malicious intent or gross negligence. The actions of Defendants involve such an entire want of care as could only have resulted from actual conscious indifference to the rights, safety or welfare of Plaintiffs, and Plaintiffs hereby sue for exemplary damages in an amount far in excess of the minimum jurisdictional limits of this Court.

**WHEREFORE,** Plaintiffs request that Defendants be cited to appear and answer, and that on final trial Plaintiffs have:

(1)    Judgment against Defendants, jointly and severally, for a sum in excess of the minimum jurisdictional limits of this Court;

(2)   Further damages by reason of Defendants knowing misconduct in accordance with the provisions of § 17.50(b)(1) of the Business and Commerce Code;

(3)   Judgment against Defendants for exemplary damages in an amount far in excess of the minimum jurisdictional limits of the Court;

(4)   Prejudgment interest as provided by law;

(5)   Attorneys' fees;

(6)   Post-judgment interest as provided by law;

(7)   Costs of suit;

(8)   Such other and further relief to which Plaintiffs may be entitled.

Respectfully submitted,

**VAN WEY & JOHNSON, L.L.P**

By: _____
Julie E. Johnson
State Bar No. 10758900
Kay L. Van Wey
State Bar No. 20461950

3100 Monticello, Suite 500
Dallas, Texas 75205
(214) 265-7600
Fax: (214) 265-7626

**COUNSEL FOR PLAINTIFFS**

**CAUSE N0. 017-210045-05**

| | | |
|---|---|---|
| ASHLI ABERNATHY, PATRICE ABERNATHY, TAEINE AN, GLENNA ANDERSON, LATONIA BACY, RANDALL BOONE, LACEY BOWEN, ELIYON BRACKEEN, ROBERT BRADBURY, TIMOTHY BROSCOFF, MELINDA BULLOCK, CRYSTAL CHILDRESS, ICHOBOD CHRISTIAN, ALEXIS CLINE, LYNN COMPAL, KRISTI COOPER, SHANNON CRIDDLE, LEEROY DE LA CERDA, INEZ DE LA CRUZ, EMILY DODD, ALAN ENGLISH, MARTIN EVANS, CORY FRYE, OLGA FUENTES, VERONICA GEORGE, MICHAEL GOMEZ, CORY HERNANDEZ, ATHENA HOLLAND, KEVIN HUDSON, JAMES R. JACKSON, JACKLYN JOHNSON, DAVID JUAREZ, HEATHER KARR, JESSIE KELLY, HENRY LAMBRACHT, JEFF LYNCH, MARK MADERE, JENNIFER MILLS-HAMM, ROBERT MOERS, KEVIN MOORE, NIKI NAVE, DAVID PALMERTREE, GAIL PATTERSON, YOLANDA PATTERSON, LINDA PEREZ, RANCY RAINEY, MONICA RANDELL, MELISSA ROBERTSON, JOSH SANDERS, KELLY SANDERS, DANIEL SCHLEY, SHANA SPELLAR, PAUL SERUYOMBAYA, BRIAN TIENSVOLD, HEATHER TOUT, DAVID TOWNSEND, JOSH VANDEMARK, KATRINA VARGAS, NICKIE WALLINGFORD, SHERYL WASHINGTON, COURTNEY WILSON, PHILIP WITCHLEY, MONIQUE ZAMARRIPA AND ADAM ZERBE, | § § § § § § § § § § § § § § § § § § § § § | IN THE DISTRICT COURT |
| | § § § | |
| Plaintiffs, | § § | TARRANT COUNTY, TEXAS |
| vs. | § § | |
| ALTA COLLEGES, INC. and ELBERT, INC. d/b/a WESTWOOD COLLEGE-FT. WORTH, | § § § | |
| Defendants. | § | 17TH JUDICIAL DISTRICT |

17TH JUDICIAL DISTRICT — rendered as plain text: 17TH JUDICIAL DISTRICT

**DEFENDANTS' ANSWER TO PLAINTIFFS' ORIGINAL PETITION**

COME NOW Defendants, Alta Colleges, Inc. and Elbert, Inc. (collectively, "Defendants"), who would show the Court as follows:

**SPECIAL EXCEPTIONS**

1.      Defendants specially except to Plaintiffs' Section III, Cause of Action for Deceptive Trade Practices, because:

HOU\27442.1

the pleading is unclear as to the source, sponsorship, approval, certification of goods and services, characteristics, ingredients, uses, benefits, or quantities to which Plaintiffs refer;

the pleading is unclear as to the standards, quality, or grade to which Plaintiffs refer;

the pleading is unclear as to the rights, remedies, or obligations to which Plaintiffs refer; and

Plaintiffs did not timely advise Defendants "in reasonable detail of the consumer's specific complaint and the amount of economic damages, damages for mental anguish, and expenses, including attorneys' fees, if any, reasonably incurred by the consumer in asserting the claim against the Defendant[s]" before filing suit.

2.      Defendants specially except to Plaintiffs' Section IV, Cause of Action for Breach of Contract, because Plaintiffs fail to clearly identify the alleged material misrepresentations made by Plaintiffs.

## GENERAL DENIAL

3.      Defendants deny each and every, all and singular, material allegation contained in Plaintiffs' Original Petition and demand strict proof thereof by a preponderance of the credible evidence.

## AFFIRMATIVE DEFENSES

4.      Plaintiffs are not entitled to recover attorneys' fees for breach of contract, if any, under TEX. CIV. PRAC. & REM. CODE § 38.001 *et seq.*, as they failed to provide the requisite notice of the alleged breach.

5.      Plaintiffs are not entitled to assert a cause of action under TEX. BUS. & COMM. CODE §17.001 *et seq.* as they failed to provide the requisite notice per TEX. BUS. & COMM. CODE §17.505.

2

6.      Plaintiffs are not entitled to any award of exemplary damages for their causes of action pleaded, save those authorized by the contract or TEX. BUS. & COMM. CODE §17.001 *et seq.*.

7.      Plaintiffs' claims for exemplary damages cannot be sustained because an award of exemplary or punitive damages would violate Defendants' rights under the Constitutions of the United States and/or Texas.

8.      The conduct of Defendants with regard to the matters alleged in the Petition was justified, and by reason of the foregoing, Plaintiffs are barred from any recovery against Defendants.

9.      Defendants have appropriately, completely, and fully performed and discharged any and all obligations and legal duties, if any, arising out of the matters alleged in the Petition.

10.     The causes of action alleged in the Petition are barred by the applicable statutes of limitation and/or repose.

11.     Defendants' practices, as alleged in the Petition, are not likely to deceive the public in that full disclosure is made at the time each contract was signed and each Plaintiff signed an express and conspicuous disclosure acknowledgement.

12.     The court has no subject matter jurisdiction, or should decline to exercise jurisdiction, over the causes of action alleged in the Petition because primary jurisdiction lies with the Texas Workforce Commission and/or other state agency.

13.     Plaintiffs' claims for relief should be denied under the equitable doctrine of abstention because such relief would encroach on legislative and administrative prerogatives, or substitute the Court's oversight for that of legislative and administrative agencies.

14.     Plaintiffs are estopped to assert any claim or other right against Defendants by reason of Plaintiffs' own actions, representations, conduct, and/or omissions to act, or those of their officers and agents, upon which Defendants relied to their prejudice and detriment.

3

15.     By reasons of Plaintiffs' actions, representations, conduct, and/or omissions to act, Plaintiffs have waived each and every alleged cause of action against Defendants set forth in the Petition.

16.     To the extent Plaintiffs have sustained any damages, plaintiffs have failed, refused, and/or neglected to mitigate or avoid the damages complained of in the Petition.

17.     The Texas Deceptive Practices Act is unconstitutionally vague because it lacks clearly defined legal standards for liability and damages as applied to the facts of this case.

18.     Plaintiffs waited an unreasonable period of time to complain of the acts and damages set forth in the Petition, and the resulting prejudice to Defendants bars the prosecution of this suit under the doctrine of laches.

19.     Plaintiffs are responsible for inequitable conduct in connection with the allegations forming the basis of the Petition, and the alleged entitlement to relief is barred by reason of their unclean hands.

20.     Defendants presently have insufficient knowledge or information upon which to form a belief as to whether Defendants may have additional, and as yet unstated, affirmative defenses and, therefore, reserve the right to add additional affirmative defenses.

WHEREFORE, PREMISES CONSIDERED, Defendants request that upon final trial, Plaintiffs take nothing by this action and that Defendants be awarded their costs, attorneys' fees and such other and further relief to which it may show itself justly entitled.

Dated:  March 21, 2005                    Respectfully submitted,

_Jerry Mace   by permission  EBell_
Kent A. Rowald
State Bar No. 17329300
Gary R Maze
State Bar No. 00792678
**DUANE MORRIS, L.L.P.**
3200 Southwest Freeway, Suite 3150
Houston, TX 77027-7534

4

713/402-3900 (telephone)
713/402-3901 (facsimile)

Stephen E. Fox
State Bar No. 07337260
Elizabeth M. Bedell
State Bar No. 24045469
**FISH & RICHARDSON P.C.**
5000 Bank One Center
1717 Main Street
Dallas, TX 75201
Telephone: 214-747-5070
Telecopy: 214-747-2091

**ATTORNEYS FOR DEFENDANTS
ALTA COLLEGES, INC. AND
ELBERT, INC.**

5

## CERTIFICATE OF SERVICE

I hereby certify that service of a true and correct copy of the following document:

### DEFENDANTS' ANSWER TO PLAINTIFFS' ORIGINAL PETITION

was made **via first class U.S. mail,** postage pre-paid, addressed to:

> Julie E. Johnson
> Kay L. Van Wey
> Van Wey & Johnson, LLP
> 3100 Monticello  Suite 500
> Dallas, TX 75205

on this 21st day of March, 2005.

*Greg Mace by permission EBell*

6



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FT. WORTH DIVISION**

|  |  |  |
|---|---|---|
| ASHLI ABERNATHY, *et al.* | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | **CASE NO.** _____ |
| | § | |
| ALTA COLLEGES, INC. and ELBERT, | § | |
| INC. d/b/a WESTWOOD COLLEGE-FT. | § | |
| WORTH, | § | |
| | § | |
| Defendants. | § | |

### DEFENDANTS', ALTA COLLEGES, INC. AND ELBERT, INC. DBA WESTWOOD COLLEGE-FORT WORTH, CERTIFICATE OF INTERESTED PERSONS

Defendants, Alta Colleges, Inc. and Elbert, Inc. dba Westwood College-Fort Worth, hereby submit this Certificate of Interested Persons pursuant to Local Rule 3.1(f).

The persons, associations of persons, firms, partnerships, corporations, guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities who or which are financially interested in the outcome of the case are as follows:

1.  Alta Colleges, Inc.

2.  Elbert, Inc.

Dated: March 21, 2005

Respectfully submitted,

*Gary Maze by permission*
*EBull*
Kent A. Rowald
State Bar No. 17329300
Gary R Maze
State Bar No. 00792678
**DUANE MORRIS, L.L.P.**
3200 Southwest Freeway, Suite 3150
Houston, TX 77027-7534
713/402-3900 (telephone)
713/402-3901 (facsimile)

Stephen E. Fox
State Bar No. 07337260
Elizabeth M. Bedell
State Bar No. 24045469
**FISH & RICHARDSON P.C.**
5000 Bank One Center
1717 Main Street
Dallas, TX 75201
Telephone: 214-747-5070
Telecopy: 214-747-2091

**ATTORNEYS FOR DEFENDANTS
ALTA COLLEGES, INC. AND
ELBERT, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that service of a true and correct copy of the following document:

**DEFENDANTS', ALTA COLLEGES, INC. AND ELBERT, INC. DBA WESTWOOD
COLLEGE-FORT WORTH, CERTIFICATE OF INTERESTED PERSONS**

was made **via first class U.S. mail,** postage pre-paid, addressed to:

>      Julie E. Johnson
>      Kay L. Van Wey
>      Van Wey & Johnson, LLP
>      3100 Monticello  Suite 500
>      Dallas, TX 75205

on this 21st day of March, 2005.

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS:** Ashli Abernathy, et al.

**DEFENDANTS:** Alta Colleges Inc. and Elbert, Inc. d/b/a Westwood College-Ft. Worth

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _Dallas_
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _Denver, Colorado_
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Julie E. Johnson, Kay L. Van Wey
Van Wey & Johnson, LLP
3100 Monticello, Suite 500
Dallas, Texas 75205
(214) 265-7600 FAX: (214) 7626

ATTORNEYS (IF KNOWN)
Kent A. Rowald, Gary R Maze
Duane Morris, LLP
3200 Southwest Freeway, Suite 3150
Houston, Texas 77027-7534
(713) 402-3900  FAX: (713) 402-3901

**4-05CV-189-A**

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 623 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organization |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/ Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities of Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 720 labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U.S. Plaintiff of Defendant) | ☒ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS - Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | | | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY) 28 U.S.C. § 1332; Removal of Breach of Contract and Deceptive Trade Practices lawsuit.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P 23
DEMAND $
CHECK YES only if demanded in complaint.
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): None.
JUDGE _____ DOCKET NUMBER _____

DATE 3/21/05
SIGNATURE OF ATTORNEY OF RECORD
_Gary Maze by permission E Budd_

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _250__ APPLYING IFP _____ JUDGE _McBryde_ MAG. JUDGE _____
JS 44 Reverse (Rev. 11/95)

## SUPPLEMENTAL CIVIL COVER SHEET
## FOR A REMOVED CASE

THIS FORM MUST BE ATTACHED TO THE CIVIL COVER SHEET AT THE TIME THE CASE IS FILED IN THE UNITED STATES DISTRICT CLERK'S OFFICE.

ADDITIONAL SHEETS MAY BE USED AS NECESSARY.

1.    STYLE OF THE CASE: *Ashli Abernathy v. Alta College, Inc. and Elbert, Inc. d/b/a Westwood College-Ft. Worth*; Cause No. 017-210045-05 in the 17th Judicial District Court, Tarrant County, Texas.

2.    PARTIES:

Please include <u>all</u> Plaintiff(s), Defendant(s), Intervenor(s), Counterclaimant(s), Crossclaimant(s) and Third Party Claimant(s) still remaining in the case and indicate their party type. Also please list the attorney(s) of record for each party named, and include the attorney's bar number, firm name, correct mailing address, and phone number including area code.)

| PARTY AND PARTY TYPE | ATTORNEY(S) |
|---|---|
| Plaintiff<br>Ashli Abernathy, et al. | Julie E. Johnson<br>State Bar No. 10758900<br>Kay L. Van Wey<br>Texas State Bar No. 20461950<br>Van Wey & Johnson, LLP<br>3100 Monticello, Suite 500<br>Dallas, Texas 75205<br>(214) 265-7600<br>Fax: (214) 265-7626 |
| Defendant<br>El Nell Inc. d/b/a<br>Westwood College of Technology | Kent A. Rowald<br>State Bar No. 17329300<br>Gary R. Maze<br>Texas State Bar No. 00792678<br>Duane Morris LLP<br>3200 Southwest Freeway, Suite 3150<br>Houston, Texas 77027-7534<br>(713) 402-3900<br>Fax: (713) 402-3901 |

3.    JURY DEMAND:

Was Jury Demand made in State Court?          X  Yes          ___No

If "Yes", by which party and on what date?

| | |
|---|---|
| Plaintiffs | 02/16/05 |
| PARTY | DATE |

4. ANSWER:

Was an Answer made in State Court?        X  Yes        ___No

5. If "Yes", by which party and on what date?

| | |
|---|---|
| Defendants | 03/21/05 |
| PARTY | DATE |

6. UNSERVED PARTIES:

The following parties have not been served at the time this case was removed:

| PARTY | REASON(S) FOR NO SERVICE |
|---|---|
| None. | N/A |

7. NONSUITED, DISMISSED OR TERMINATED PARTIES:

Please indicate any changes from the style on the state court papers and the reason for that change:

| PARTY | REASON |
|---|---|
| None. | N/A |

8. CLAIMS OF THE PARTIES:

The filing party submits the following summary of the remaining claims of each party in this litigation:

| PARTY | CLAIM(S) |
|---|---|
| Plaintiffs | Breach of contract and deceptive trade practices. |
| Defendants | Defendants deny that they engaged in deceptive trade practices and asserts that Plaintiffs failed to give the requisite notice of any alleged breach of contract. |

**SUPPLEMENTAL CIVIL COVER SHEET – Page 2**