IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

ASHLI ABERNATHY, ET AL., §
§
Plaintiffs, §
§
VS. § NO. 4:05-CV-189-A
§
ALTA COLLEGES, INC., ET AL., §
§
Defendants. §

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of defendants, Alta Colleges, Inc., and Elbert, Inc., for an order compelling arbitration and staying this action. The court, having considered the motion, plaintiffs' response, the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiffs' Claims

On February 16, 2005, plaintiffs filed their original petition in the 17th Judicial District Court of Tarrant County, Texas. On March 21, 2005, defendants filed their notice of removal, bringing the action before this court.

Plaintiffs allege that they are or were students at Westwood College in Fort Worth, Texas, owned and operated by defendants. Plaintiffs allege that defendants, through their representatives, made material misrepresentations to plaintiffs to induce them to attend Westwood College. Plaintiffs assert claims under the

Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code Ann. § 17.41-.63 (Vernon 2002), and for breach of contract.

II.

Pertinent Contract Provisions

The contract upon which plaintiffs sue, designated "Texas Enrollment Agreement," contains one of two arbitration provisions. Agreements signed before mid-2003 provide:

> I, the applicant . . .
>
> . . . .
>
> (9) Acknowledge that the College and I agree that any disputes relative to this contract or the education and training received by me shall be resolved through binding arbitration. The parties shall attempt to agree to an impartial arbitrator or arbitrators. If they cannot agree, the same shall be selected by the County District Court.

Defs.' App. at AC4. Those who enrolled after mid-2003 signed an agreement providing:

> I, the applicant . . .
>
> . . . .
>
> (9) Acknowledge that any disputes relative to this contract or the education and training received by me, no matter how described, pleaded or styled, shall be resolved through binding arbitration under the Federal Arbitration Act conducted by the American Arbitration Association ("AAA") at Dallas, Texas, under the Commercial Rules. The award rendered by the arbitrator may be entered in any court having jurisdiction. Refer

> to "Agreement to Binding Arbitration and Waiver of Jury Trial" form in the application materials.

Id. at 96.

All of the contracts, no matter when signed, contain a provision set forth immediately above the plaintiff's signature providing:

> I ACKNOWLEDGE HAVING READ AND DO UNDERSTAND THIS AGREEMENT, WHICH INCLUDES INFORMATION PRINTED ON THE REVERSE SIDE OF THIS AGREEMENT AND WHICH IS INCORPORATED HEREIN BY REFERENCE. I HAVE NOT BEEN MADE ANY VERBAL PROMISES OR GUARANTEES.

Defs.' App. at AC4, 96.

Thirty-one of the plaintiffs also executed an agreement entitled "Agreement to Binding Arbitration and Waiver of Jury Trial." That one-page document sets forth specifically that plaintiff and the school agree that any dispute arising between them will be submitted to arbitration under the Federal Arbitration Act, conducted by the American Arbitration Association. Defs.' App. at AC170-200.[1]

III.

Pertinent Law

Federal policy favors arbitration agreements, requiring courts to rigorously enforce agreements to arbitrate, resolving any doubts in favor of arbitration. Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 625-26 (1985). A party seeking to compel arbitration must only establish (1) the existence of a valid agreement to arbitrate and (2) that the claims asserted are within the scope of the arbitration

[1]A number of plaintiffs also executed loan documents containing an arbitration provision. There is no need to consider specifically the terms of those agreements.

agreement. Pennzoil Exploration & Prod. Co. v. Ramco Energy, Ltd., 139 F.3d 1061, 1065 (5th Cir. 1998).

By suing on a contract, a plaintiff subjects himself to the contract's terms, including an arbitration provision. In re FirstMerit Bank, N.A., 52 S.W.3d 749, 756 (Tex. 2001). One cannot rely on a contract when it works to his advantage and then repudiate it when it works to his disadvantage. Hughes Masonry Co. v. Greater Clark County Sch. Bldg. Corp., 659 F.2d 836, 839 (7th Cir. 1981). When a party to a contract asserts a defense to the contract as a whole, the enforceability of the contract is for the arbitrator to decide. Will-Drill Res., Inc. v. Samson Res. Co., 352 F.3d 211, 218-19 (5th Cir. 2003). If the party instead only attacks the enforceability of an arbitration provision within a contract on grounds separate and independent from the entire contract, then the court determines the enforceability of the arbitration provision. Id. See also Banc One Acceptance Corp. v. Hill, 367 F.3d 426, 430 (5th Cir. 2004); FirstMerit, 52 S.W.3d at 756.

Whenever the issues raised in a case are within the reach of an arbitration agreement, the district court has no discretion but to grant a request for stay. 9 U.S.C. § 3; Hornbeck Offshore (1984) Corp. v. Coastal Carriers Corp., 981 F.2d 752, 754 (5th Cir. 1993).

## IV.

## Law Applied to the Facts

There is no dispute that each plaintiff entered into a written agreement to arbitrate. Nor is it disputed that the claims asserted by plaintiffs are within the reach of the arbitration agreements. Plaintiffs' focus is on whether the agreements are enforceable.

Plaintiffs first attack the motion on the ground that defendants' supporting evidence is inadmissible. They mistakenly assume that the contracts attached to the declaration of Kelly Coates as exhibits are inadmissible hearsay. The documents, however, have independent legal significance and are not hearsay. Kepner-Tregoe, Inc. v. Leadership Software, Inc., 12 F.3d 527, 540 (5th Cir. 1994). Moreover, they are properly authenticated through the declaration.

Plaintiffs next argue that they were misled and fraudulently induced into signing the contracts. Because their defenses relate to the formation of the contract as a whole, and not just the arbitration clause, the matter is one properly decided by the arbitrator and not the court. Miller v. Pub. Storage Mgmt., Inc., 121 F.3d 218, 218-19 (5th Cir. 1997); FirstMerit, 52 S.W.3d at 756. And, although plaintiffs allege procedural unconscionability, the facts at hand do not come close to establishing such a defense. See In re Rangel, 45 S.W.3d 783 (Tex. App.--Waco 2001, no pet.) (no procedural unconscionability found where plaintiff was 75 years old, never attended school, was functionally illiterate, and was hard of hearing). There is nothing per se unconscionable about arbitration agreements and

parties claiming unconscionability bear the burden of demonstrating it. Carter v. Countrywide Credit Indus., Inc., 362 F.3d 294, 301 n.5 (5th Cir. 2004).

Finally, plaintiffs allege that the multiple arbitration provisions are contradictory and, therefore, cannot be enforced. They fail to show, however, that any individual plaintiff signed contradictory agreements.

## V.

## Order

For the reasons discussed herein,

The court ORDERS that defendants' motion for an order compelling arbitration and staying this action be, and is hereby, granted; that plaintiffs proceed immediately to initiate

arbitration proceedings; and, that this action be, and is hereby, stayed pending arbitration.

SIGNED May 23, 2005.

/s/ John McBryde
JOHN McBRYDE
United States District Judge